Patrick Colsher
(NJ Bar # 012732010)
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com

*Counsel for Plaintiffs*
(Additional Counsel on Signature Page)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Valtrus Innovations Ltd., and Key Patent Innovations Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>Cologix, Inc.,<br><br>Defendant. | Civil Action No.<br><br>Hon.<br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND</u>**

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendant Cologix, Inc. ("Cologix") and, in support, allege the following:

**<u>PARTIES</u>**

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly

organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, Cologix is a corporation organized and existing under the laws of the State of Delaware. On information and belief, Cologix can be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## ASSERTED PATENTS

4. Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,854,287 (the ’287 Patent); 6,868,682 (the ’682 Patent); and 6,718,277 (the ’277 Patent).

5. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

6. The ’287 Patent, entitled “Cooling System,” was duly and lawfully issued on February 15, 2005. A true and correct copy of the ’287 Patent is attached hereto as Exhibit 1.

7. The ’287 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8. The ’682 Patent, entitled “Agent Based Control Method and System for Energy Management,” was duly and lawfully issued on March 22, 2005. A true and correct copy of the ’682 Patent is attached hereto as Exhibit 2.

9. The ’682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

10. The ’277 Patent, entitled “Atmospheric Control Within a Building,” was duly and lawfully issued on April 6, 2004. A true and correct copy of the ’277 Patent is attached as Exhibit 3.

11. The ’277 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’277 Patent, including the right to seek damages, including past damages, for any infringement thereof.

**JURISDICTION AND VENUE**

12. This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

13. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

14. Cologix operates three data centers in this District. Cologix operates its NNJ2 facility at 9 Wing Drive, Cedar Knolls, NJ; its NNJ3-S facility at 200 Webro Road, Parsippany, NJ; and its NNJ4 facility at 16 Wing Drive, Cedar Knolls, NJ.[1]

15. This Court has general and specific personal jurisdiction over Cologix. Cologix operates three data centers in this District at its NNJ2, NNJ3-S, and NNJ4 facilities. Cologix has maintained offices, employees, and business operations in New Jersey, and has therefore purposefully availed itself of the privileges of conducting business in New Jersey and has

[1] https://cologix.com/data-centers/new-jersey/.

minimum contacts with the State of New Jersey. The exercise of personal jurisdiction is proper under the New Jersey Long Arm Statute, and consistent with the Due Process Clause. The Court also has specific personal jurisdiction over Cologix because, on information and belief, it has performed methods in its New Jersey data center facilities that infringed the Asserted Patents, such that Plaintiffs' causes of action arise directly out of Cologix's contacts with New Jersey.

16. Venue is proper in this District under 28 U.S.C. § 1400(b). Cologix has a regular and established place of business in this District at its NNJ2, NNJ3-S, and NNJ4 facilities. On information and belief, Cologix has committed acts of infringement in this District at these facilities.

**DEFENDANT'S DATA CENTERS AND INFRINGING CONDUCT**

17. Cologix owns and operates a number of data centers across the United States. For example, Cologix advertises operating 45+ data centers across 13 strategic North American markets.[2] Cologix's data centers implement cooling equipment from various suppliers, and Cologix used that equipment to perform methods of cooling that, on information and belief, infringed the Asserted Patents.

18. In particular, Cologix has used cooling equipment from Vertiv Corporation in its data centers. For example, in a related declaratory judgment action filed by Vertiv relating to the '287 Patent, Vertiv has admitted that Cologix used Vertiv's products for which Vertiv seeks a declaratory judgment of noninfringement. *See Vertiv Corporation v. Valtrus Innovations Ltd.*, No. 2:24-cv-00907, Dkt. 227 at 3 (E.D. Tex.).

19. Cologix's public websites and video tours also describe and show Vertiv and Liebert cooling equipment being used in its data centers.

---

[2] https://cologix.com/data-centers/

**Environmental Controls**

| | |
|---|---|
| **Cooling Type:** | CRAC Liebert |
| **Redundant:** | Yes |
| **Humidification:** | Yes |
| **Fire Protection:** | Multi-zone |

https://www.cologix.com/wp-content/uploads/2018/12/New-Jersey-Data-Center-NNJ-1.pdf

**Environmental Controls**

| | |
|---|---|
| **Cooling Type:** | Vertiv DSE pumped refrigerant |
| **Redundant:** | Concurrently maintainable, A&B systems |
| **Humidification:** | Yes, centralized |
| **Fire Protection:** | Multi-zone |
| **Fire Suppression:** | Pre-action systems, multi-stage, zoned & localized dry pipe |
| **Remotely Monitored:** | Yes |

https://www.cologix.com/wp-content/uploads/2018/12/Columbus-Data-Center-COL-3.pdf




https://cologix.com/resources/infographic-and-videos/col3-virtual-tour/

20. Cologix has also used cooling equipment from Stulz in its data centers. For example, Cologix's distributors have advertised providing Stulz cooling units to Cologix's data centers for effective temperature control:

**Cologix Dallas Data Center**

Owner
COLOGIX

Mechanical Contractor
DYNAMIC SYSTEMS

Providing effective temperature and humidity control in data centers is critical, so HTS was called on when Cologix's equipment was nearing its end of life. We provided 11 Stulz CyberAir 105Kw water-cooled units, and three Stulz CyberAir 70kW water-cooled units, and ensured they arrived early to keep installation on schedule. The CyberAir units are optimized for the wide range of conditions we see in the Dallas area and increase energy savings with free-cooling coils that closely match DX cooling capacities.

https://www.hts.com/projects/cologix-dallas-data-center/

21. Cologix has also used cooling equipment from Trane in its data centers. For example, Cologix advertises using Trane chillers in its data centers for cooling:

**Cooling**

Trane A/C chillers at N+1

600 tons of air conditioning capacity – up flow

https://cologix.com/data-centers/montreal/mtl11/

22. Cologix has also used equipment and software from Carrier in its data centers. For example, Carrier's company Automated Logic has advertised a partnership with Cologix where Cologix used WebCTRL building automation system to control air conditioning equipment and monitor the environmental conditions in its data halls. The same advertisement describes Cologix using Carrier's Nlyte DCIM tool to measure, monitor, and manage IT infrastructure in data centers.



# Cologix Deploys Automated Logic's Building Automation Solutions in its North American Data Centers

KENNESAW, GA. - Oct. 5, 2023

**Automated Logic** today announced it has expanded its partnership with **Cologix**, a leading network-neutral interconnection and hyperscale edge data center company, to help rapidly implement scalable and sustainable building automation solutions for its data centers. Automated Logic, a leading provider of innovative building-management solutions, is a part of Carrier Global Corporation (NYSE: CARR), global leader in intelligent climate and energy solutions.

Cologix uses Automated Logic's **WebCTRL® building automation system** to control air conditioning equipment and to monitor the environmental conditions in its data halls. Facilities staff can easily gain insights using intuitive and information-rich graphics and dashboards, leading to operational efficiencies. The WebCTRL system provides a redundant design to ensure resiliency and uptime of data center assets.

Last year Cologix implemented another Carrier solution, **Nlyte's Data Center Infrastructure Management (DCIM) software**, which is used to measure, monitor and manage IT infrastructure in data centers. When Nlyte DCIM is integrated with the WebCTRL system, operators can manage their facility and IT systems holistically for greater visibility and energy savings. Automated Logic and Nlyte, both Carrier companies, have built a strong portfolio of data center clients over the past decades.

https://www.automatedlogic.com/en/news/news-articles/cologix-deploys-automated-logic-s-building-automation-solutions-in-its-north-american-data-centers.html

23. Cologix has also used cooling equipment from Schneider Electric in its data centers. For example, Cologix personnel commented for an article describing how Cologix uses Schneider

cooling equipment in its Dallas data centers and how Cologix will use this approach in all of its new data center space.

> **Hot Aisle Containment**
>
> To support those high-density clients, Cologix is using a data center design featuring hot-aisle containment, combined with in-row cooling products from APC by Schneider. When warm air from server exhaust enters the hit aisle, it is recirculated through the cooling units, which are spaced out along each row of cabinets, and then returned into the cold aisle. This approach provides flexibility in a multi-tenant environment where customers may have diverse IT gear residing in adjacent cabinets.
>
> "It allows us to put a 15 kW cabinet next to a 2 kW cabinet and not have any problems," said DeVita, who says Cologix will use this approach in all of its new data center space. While the design requires some additional up-front investment, it provides lower operating costs on an ongoing basis, he said.

https://www.datacenterknowledge.com/next-gen-data-centers/cologix-now-even-more-wired-at-the-infomart

24. On information and belief, Cologix may have used other cooling equipment from suppliers beyond those listed above in its data centers, such as DataAire, to perform methods that infringe the Asserted Patents. On information and belief, Cologix may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.

25. Valtrus notified Cologix of its infringement of its patent portfolio relating to data center technologies and sought to resolve this dispute prior to bringing this case.

26. On March 22, 2024, Valtrus sent a letter to Phillip Eck, Cologix's General Counsel, informing Cologix about its patent portfolio and offering an opportunity to license the patents. The letter attached a representative list of data center-related patents and included claim charts demonstrating infringement of five patents, including the '287 Patent and the '277 Patent. The letter also noted that Valtrus had incomplete information regarding the products and methods used

by Cologix in its data centers because those data centers are secure facilities that are not open to the public, and offered to enter into a non-disclosure agreement with Cologix to confirm the scope and extent of Cologix's infringement.

27. Throughout 2024, the parties discussed potential licensing arrangements, but did not reach a license deal. On November 20, 2024, Valtrus sent Cologix another letter providing notice of infringement and claim charts relating to three additional patents, including the '682 Patent.

28. In the declaratory judgment litigation pending between Valtrus and Vertiv, *see Vertiv Corporation v. Valtrus Innovations Ltd.*, No. 2:24-cv-00907 (E.D. Tex.), where Vertiv has stated repeatedly that it will be liable for any judgment against its customers for infringing Valtrus's patents using its equipment, Valtrus sought to resolve its customer allegations directly with Vertiv. Valtrus made multiple attempts to resolve its disputes with Vertiv's customers throughout 2024 and 2025, and Vertiv consistently refused to engage. On February 5, 2026, Valtrus sent a final request to Vertiv to resolve its customers' infringement without litigation. Exhibit 4. Vertiv never responded.

29. Because Cologix has refused to Valtrus's efforts to resolve this dispute without litigation, and has not provided any additional information about its cooling equipment used in its data centers, Plaintiffs have been forced to file this case to protect their valuable patent rights.

## FIRST CLAIM

### (Infringement of the '287 Patent)

30. Valtrus re-alleges and incorporates herein by reference paragraphs 1-29 of the Complaint.

31. The '287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

32. Cologix infringed the ’287 Patent by performing methods of cooling its data centers prior to the expiration of the ’287 Patent. As described above, Cologix has used cooling equipment and control software from at least Vertiv, Stulz, Trane, and Schneider Electric to cool its data centers, and may have also used other cooling equipment and control software from other suppliers, such as DateAire, in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Cologix used or may have used these products to infringe claim 1 of the ’287 Patent are attached as Exhibits 5-8.

**SECOND CLAIM**

**(Infringement of the ’682 Patent)**

33. Valtrus re-alleges and incorporates herein by reference paragraphs 1-29 of the Complaint.

34. The ’682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

35. Cologix infringed the ’682 Patent by performing methods of cooling its data centers prior to the expiration of the ’682 Patent. As described above, Cologix has used cooling equipment and control software from at least Vertiv, Stulz, Trane, and Schneider Electric to cool its data centers, and may have also used other cooling equipment and control software from other suppliers, such as DataAire, in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Cologix used or may have used these products to infringe claim 1 of the ’682 Patent are attached as Exhibits 9-12.

**THIRD CLAIM**

**(Infringement of the ’277 Patent)**

36. Valtrus re-alleges and incorporates herein by reference paragraphs 1-29 of the Complaint.

37. The ’277 Patent is generally directed to a system and method for controlling atmospheric conditions within a data center building.

38. Cologix infringed the ’277 Patent by performing methods of cooling its data centers prior to the expiration of the ’277 Patent. As described above, Cologix has used cooling equipment or software from at least Stulz, Schneider Electric, Automated Logic, and Nlyte to cool its data centers, and may have also used other cooling equipment or software other suppliers in a similar manner to perform the claimed methods. An exemplary claim chart reflecting how Cologix used or may have used these products to infringe claim 1 of the ’277 Patent is attached as Exhibit 13.

**PRAYER FOR RELIEF**

WHEREFORE, Valtrus prays for judgment against Cologix, as follows:

A. That Cologix has infringed each of the Asserted Patents;

B. That Cologix pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C. That Cologix pay prejudgment and post-judgment interest on the damages assessed;

D. That this is an exceptional case under 35 U.S.C. § 285; and that Cologix pay Plaintiffs’ attorneys’ fees and costs in this action; and

E. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: April 13, 2026

Respectfully submitted,

*s/ Patrick Colsher*
Patrick Colsher
(NJ Bar # 012732010)
Sean M. McCarthy (*pro hac vice forthcoming)*
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

Matthew G. Berkowitz (*pro hac vice forthcoming)*
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com

Connor S. Houghton (*pro hac vice forthcoming)*
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com

*Attorneys for Plaintiffs*

**CERTIFICATION UNDER LOCAL RULES 11.2 AND 40.1**

Pursuant to Local Civil Rules 11.2 and 40.1(c), Plaintiff certifies that it has filed actions asserting the same patents in this District, and that there are other actions currently pending in other courts involving some of the same patents. Three cases involving the same patents are being contemporaneously filed in this District on this same date:

- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. Cologix, Inc.*
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. H5 Data Centers LLC*
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. Iron Mountain Data Centers LLC*

The following cases are currently pending in other judicial districts and involve one or more of the same patents:

- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. CoreSite, LLC*, No. 26-cv-03926 (N.D. Ill.)
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. Lumen Technologies, Inc.*, No. 26-cv-03928 (N.D. Ill.)
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. Netrality Properties, LP*, No. 26-cv-03929 (N.D. Ill.)
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. NTT Global Data Centers Americas, Inc.*, No. 26-cv-03945 (N.D. Ill.)
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. Prime Data Centers LLC*, No. 26-cv-03958 (N.D. Ill.)
- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. EvoDC, LLC*, No. 26-cv-00286 (E.D. Tex.)

- *Valtrus Innovations Ltd. and Key Patent Innovations Ltd. v. STACK Infrastructure, Inc.*, No. 26-cv-00287 (E.D. Tex.)
- *Vertiv Corporation v. Valtrus Innovations Ltd.*, No. 2:24-cv-00907 (E.D. Tex.)
- *Vertiv Corporation v. Valtrus Innovations Ltd. and Key Patent Innovations Ltd.*, No. 2:26-cv-00084 (E.D. Tex.)

*s/ Patrick Colsher*
Patrick Colsher
(NJ Bar # 012732010)
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com

**CERTIFICATION UNDER LOCAL RULE 201.1**

Pursuant to Local Civil Rule 201.1, Plaintiffs hereby certify that this civil action is not subject to compulsory arbitration, as Plaintiffs seek monetary damages in excess of $150,000, exclusive of interest and costs and any claim for punitive damages.

*s/ Patrick Colsher*
Patrick Colsher
(NJ Bar # 012732010)
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com